Tatiok, Chief-Justice,
 

 delivered the opinion of the Court:
 

 This case turns upon the interpretation of certain words introduced into the act of 1800, concerning horse-racing. The words of the act are, “ that all horse-rac- “ ing contracts shall be reduced to writing, and signed by the parties thereto at the time they are made.” Do these words signify that a race shall not be made by parol on one day, and the writings executed on another? Or do they import that the contract shall not he written on one day, and signed by the parties on a subsequent, day ? That the latter is their true and rational construction, is evident from the context and the subsequent part of the clause; for a contract- cannot be signed until it is written, and therefore it is not made until it is reduced to writing. What passes between the parties in
 
 *118
 
 conversation before the contract is written, is carefully kept out of view by the( act itself, which excludes parol evidence to alter or explain ; but if the written contract js get a'side because the parties talked about the race before, or even made the race before, it must be done by parol evidence of that fact, which woukl be in the face of the act. No possible mischief can arise from the parties making a race at one time, if they afterwards deliberately put the terms on paper, and sign them at the Same time. But if there be any length of interval between the writing and signing of the contract, a man . might b¿ entrapped by hastily putting his name to a contract, the terms of which might have escaped his recollection. It was this inconvenience whicli the Legislature meant to guard against, and not to destroy a written contract, because it had been preceded by discussion and argument as to the
 
 terms;
 
 for such a method is calculated to prevent surprise and misapprehension. If, however, it could be shown by any induction, that the written articles do not form the contract contemplated Iby the Legislature, but that the race is the contract, what is the consequence ? It is declared to be void j but it was already a nullity, being extinguished by the subsequent specialty. So that whichever way it be taken, the party has a right to recover.